No. 23-10454-GG

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

SHERLYN JOHNSON,
*Plaintiff-Appellant,*

v.

CHRISTINE WORMUTH,
SECRETARY OF THE ARMY, DEPARTMENT OF THE ARMY
*Defendant-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION
No. 1:22-cv-00036-CLM

_____

BRIEF OF APPELLEE

PRIM F. ESCALONA
*United States Attorney*
*Northern District of Alabama*

ELIZABETH A. HOLT
*Assistant United States Attorney*

ATTORNEYS FOR APPELLEE
SECRETARY OF THE ARMY

United States Attorney's Office
1801 Fourth Avenue North
Birmingham, AL  35203
(205) 244-2001

**No. 23-10454-GG**

***Johnson v. Sec'y of the Army***

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

The United States Attorney for the Northern District of Alabama, through

undersigned counsel, certifies that, in addition to those named in Johnson's brief, the

following person may have an interest in the outcome of this appeal:

Sims, James M., counsel in the district court, and in this Court;.

*/s/* Elizabeth A. Holt
Elizabeth A. Holt
*Assistant United States Attorney*

C-1 of 1

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not needed.  The record and the parties' briefs adequately present the factual and legal issues necessary for disposition of this appeal.  *See* Fed. R. App. P. 34(a)(2)(C); 11th Cir. R. 34-3(b)(3).

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ....................................................C-1

STATEMENT REGARDING ORAL ARGUMENT .............................................. i

TABLE OF CONTENTS............................................................................... ii

TABLE OF CITATIONS .............................................................................. iii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTOIN... vi

STATEMENT OF THE ISSUE.......................................................................1

STATEMENT OF THE CASE.......................................................................2

   I.   Factual Allegations.........................................................................2

   II.  Procedural History.........................................................................3

   III. Standard of Review .......................................................................5

SUMMARY OF THE ARGUMENT ................................................................5

ARGUMENT .............................................................................................6

  The District Court Properly Dismissed Johnson's Claims for Lack of Subject
  Matter Jurisdiction. .................................................................................6

CONCLUSION.........................................................................................11

CERTIFICATE OF COMPLIANCE...............................................................12

CERTIFICATE OF SERVICE .....................................................................13

# TABLE OF CITATIONS

*Page*

Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................9

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987)...............................................................................9

*Ex parte McCardle*,
   74 U.S. 506 (1868).................................................................................11

*F.D.I.C. v. Meyer*,
   510 U.S. 471 (1994)...............................................................................10

*In re: Breland*,
   989 F.3d 919 (11th Cir. 2021)................................................................6

*Johnson v. Ry. Exp. Agency, Inc.*,
   421 U.S. 454 (1975)...............................................................................9

*Kernal Records Oy v. Mosley*,
   694 F.3d 1294 (11th Cir. 2012).............................................................6

*Lawrence v. Dunbar*,
   919 F.2d 1525 (11th Cir. 1990).........................................................7, 8

*Lee v. Hughes*,
   145 F.3d 1272 (11th Cir. 1998).................................................... 10, 11

*Lord Abbett Mun. Income Fund, Inc. v. Tyson*,
  671 F.3d 1203 (11th Cir. 2012)................................................................5

*McCormick v. Aderholt*,
  293 F.3d 1254 (11th Cir. 2002)..........................................................5, 6

*Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*,
  714 F.3d 1234 (11th Cir. 2013)................................................................9

*Osahar v. Postmaster Gen. of United States Postal Serv.*,
  263 Fed. App'x 753 (11th Cir. 2008)........................................... 10, 11

*OSI, Inc. v. United States*,
  285 F.3d 947 (11th Cir. 2002)..............................................................5, 6

*United States v. Dalm*,
  494 U.S. 596 (1990) ...............................................................................10

*United States v. Timmons*,
  672 F.3d 1373 (11th Cir. 1982)..............................................................10

*Univ. of S. Ala. v. Am. Tobacco Co.*,
  168 F.3d 405 (11th Cir. 1999)................................................................11

iv

Statutes

28 U.S.C. § 1291 ............................................................... vi

42 U.S.C. § 1981 ........................................................... *passim*

42 U.S.C. § 2000e ...............................................................7

Rules

11th Cir. R. 34-3(b)(3) .......................................................... i

Fed. R. App. P. 34(a)(2)(C) .................................................. i

Fed. R. Civ. P. 12(b)(1) ............................................... 4, 5, 7, 8

Fed. R. Civ. P. 12(b)(6)......................................................4

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Plaintiff/Appellant Sherlyn Johnson, a civil employee of the Department of the Army (Army), filed a third amended complaint attempting to invoke the subject-matter jurisdiction of the district court by alleging discrimination and retaliation claims under 42 U.S.C. § 1981.  Doc. 24.  The Army filed a motion to dismiss.  Doc. 25.  The district court dismissed Johnson's case without prejudice for lack of subject matter jurisdiction.  Docs. 31, Doc. 32.

Johnson timely filed a notice of appeal.  This Court has jurisdiction to review the district court's memorandum opinion and order dismissing Johnson's case under 28 U.S.C. § 1291.

vi

# STATEMENT OF THE ISSUE

Whether the district court properly dismissed Johnson's claims for lack of subject matter jurisdiction.

## STATEMENT OF THE CASE

Plaintiff/Appellant Sherlyn Johnson filed this counseled lawsuit against Christine Wormuth, Secretary of the United States Department of the Army ("Army" or "Government"), alleging she was discriminated against because of her race, gender, and reprisal, all in violation of 42 U.S.C. § 1981.  Doc. 24.[1]

## I.    Factual Allegations

During the relevant period, Johnson was employed by the Army as a civilian Heavy Mobile Equipment Mechanic, WG-5803-10, at Anniston Army Depot (ANAD), in Anniston, Alabama.  *Id.* at 4.

Johnson's allegations appear to stem from an injury at work in 2018, where she was allegedly removed from duty for three weeks, harassed about her injury, and improperly required to use her own leave for doctors' appointments.  *See generally id.*  According to Johnson, on April 1, 2019, she received notice she would be suspended for two days, effective April 9, 2019.  *Id.* at 6.  She claimed this suspension, for "Discourtesy and Failure to Properly Request Leave ("AWOL")," was improper and in reprisal for prior EEO activity.  *Id.* at 6-7.

At some point, Johnson was placed in a temporary position as an accommodation for a work-related injury.  *Id.* at 8.  In early 2020, Johnson was

---

[1]    All citations to documents filed in the district court and this Court are to the file-stamped page number located at the top of each page.  "Johnson's Br." denotes citation to Johnson's opening brief.

2

informed her temporary position was ending and she would be returned to a Heavy Mobile Equipment Repairer role. *Id.* Johnson claimed the duties of that (original) position exceeded her medical restrictions. *Id.*

Soon after, Johnson requested leave. *Id.* She alleges that, because the Army failed to respond promptly to her leave request, she had to take leave without pay. *Id.* at 8-10.

## II.    Procedural History

On May 15, 2019, Johnson contacted the Equal Employment Opportunity Office (EEO) and, on July 18, 2019, the EEO received her Formal Complaint of Discrimination, dated June 29, 2019. *Id.* at 16-17. Johnson alleged in her June 2019 EEO complaint that she was suspended without pay for two days based on lies made by two managers and two-coworkers, all made against her in retaliation for prior EEO complaints against them. *Id.* at 16. The only box Johnson checked on her June 2019 EEO Complaint was "REPRISAL." *Id.* Johnson did not mention race or gender in her EEO complaint. *See id.* at 16-17.

On February 25, 2021, the Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ) issued a summary judgment decision in the Army's favor. *Id.* at 20. Johnson appealed the AJ's decision and, on October 12, 2021, the EEOC Office of Federal Operations affirmed the AJ's decision finding no discrimination. *Id.* at 19-25.

3

On January 7, 2022, Johnson filed a complaint in the district court alleging race and gender discrimination and retaliation under 42 U.S.C. § 1981, disability discrimination, and negligent supervision and retention. Doc. 1; *see also id.* at 9-13.

On July 27, 2022, Johnson filed her Third Amended Complaint ("complaint"),[2] the operative complaint in this appeal. Doc. 24. In that complaint, Johnson alleged she was discriminated against because of her race, gender, and reprisal, all in violation of 42 U.S.C. § 1981. *Id.* at 10-12.

The Government moved to dismiss Johnson's complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 25. After briefing by the parties, the district court granted the Government's motion to dismiss based on lack of subject matter jurisdiction and dismissed without prejudice all of Johnson's claims. Docs. 31, 32.

---

[2]     When referring to "complaint" in this motion, the Government is referring to Johnson's "Third Amended Complaint," docketed in the district court as Document 24. The docket entry for Document 24 is entitled "Amended Complaint" and the title of Document 24 itself is "Second Amended Complaint for Damages." Doc. 24. Document 24, however, has been referred to by the parties in briefing before the district court – and by Johnson in her opening brief – as her "Third Amended Complaint." *See, e.g.*, Johnson's Br. at 9 ("[O]n July 27, 2022, Appellant filed a Third Amended Complaint. [Doc. 24]."); Doc. 31 at 4 (district court's memorandum opinion referencing "Third Amended Complaint" and citing to Doc. 24); Doc. 25 at 1 (Government's motion to dismiss referencing "Third Amended Complaint" and citing Doc. 24).

## III.    Standard of Review

"The party invoking the court's jurisdiction bears the burden of establishing federal jurisdiction."  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)); *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

This Court reviews dismissals under Fed. R. Civ. P. 12(b)(1) *de novo*.  *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1205 (11th Cir. 2012).

## SUMMARY OF THE ARGUMENT

Johnson clearly failed to establish the district court had jurisdiction over her complaint.  Although Johnson mentions Title VII of the Civil Rights Act of 1964 as well as 42 U.S.C. § 1981 in her complaint, she clearly sets out two claims for relief, both of which only invoke 42 U.S.C. § 1981.  Because the Government has not waived sovereign immunity for claims brought under § 1981, the district court properly dismissed Johnson's claims without prejudice for lack of subject matter jurisdiction.  This Court should affirm.

## ARGUMENT

### The District Court Properly Dismissed Johnson's Claims for Lack of Subject Matter Jurisdiction.[3]

Johnson brought this counseled action under 42 U.S.C. § 1981.  *See* Doc. 24. The burden of establishing the district court's jurisdiction resided with her, as the party seeking to invoke it.  *McCormick*, 293 F.3d at 1257; *OSI, Inc.*, 285 F.3d at 951. She cannot establish jurisdiction.  Johnson's complaint may have mentioned Title VII and she may have attached EEO documentation to her complaint, but she did not bring a Title VII claim.  The district court properly dismissed her claims for lack of subject matter jurisdiction.

---

[3]     If this Court were to find that the district court did not properly dismiss Johnson's complaint for lack of subject matter jurisdiction, it should remand this case to the district court for further proceedings.  *See Kernal Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012); *In re: Breland*, 989 F.3d 919, 923-24 (11th Cir. 2021).  For this reason, the Government does not address the other arguments Johnson raises in her opening brief.

Although this Court may affirm a district court's judgment on any grounds supported by the record, *Kernal Records Oy*, 694 F.3d at 1309, here the record necessary to further review Johnson's arguments has not been developed, as the parties had not yet undertaken any discovery.

In addition, "when the district court here held that [Johnson] lacked standing to sue, it dismissed [her] claim for lack of subject-matter jurisdiction – and thus *without* prejudice."  *In re: Breland*, 989 F.3d at 922-23 (emphasis in original).  This Court has held in a similar situation that, "[w]ere we to range beyond the jurisdictional issue here and reject [Johnson's] claim on the merits, we would, in effect, be directing a dismissal *with* prejudice – and thereby altering the district court's judgment.  That, we cannot do."  *Id.* (emphasis in original).

Johnson's complaint referenced a litany of statutes, but clearly brought two claims, both under 42 U.S.C. § 1981. Doc. 24 at 10-12. Johnson's complaint states the "Nature Of This Action" is that the action is brought "to redress" the "violation" of Johnson's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981. *Id.* at 1. It then invokes "jurisdiction" under the Federal Tort Claims Act and Title VII. *Id.* at 2. It then states "[t]his claim is brought under the Federal Tort Claims Act" and "[a]dditionally and concurrently, the claim is brought under Title VII of the Civil Rights Act[] of 1964." *Id.* However, after setting out the alleged facts, Johnson's complaint clearly states it consists of two counts: "Count I: Violation of 42 U.S.C. § 1981 Discrimination;" and "Count II: Violation of 42 U.S.C. 1981 Retaliation." *Id.* at 10-11.

In her brief, Johnson starts her "Statement of Facts" by stating that she "pursued her claims . . . under the Federal Tort Claims Act" and "[a]dditionally and concurrently, her claim was brought under Title VII." Johnson's Br. at 10. In the argument section she quotes directly from her complaint, arguing it is brought to "redress" violations of Johnson's rights under Title VII and 42 U.S.C. § 1981. *Id.* at 16. Johnson appears to argue that because *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990), provides that in factual attacks under Federal Rule of Civil Procedure 12(b)(1) courts may look outside the pleadings to determine subject-matter jurisdiction, this Court should look outside of her complaint, consider the

attachments to her complaint, and consider her complaint in its "totality." *See generally* Johnson's Br. at 16-17. Essentially, Johnson is arguing that, because the attachments to her complaint include her filings with the EEO alleging employment discrimination under Title VII, and Title VII is mentioned in her complaint, the "totality" of her complaint establishes it was brought under Title VII. *Id.* at 16-17. Johnson's argument misapplies *Lawrence* and is clearly without merit.

Attacks on subject-matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks," which take the factual allegations in the complaint as true and determine whether the plaintiff has sufficiently alleged a basis for subject-matter jurisdiction; and "factual attacks," which challenge "'the existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Lawrence*, 919 F.2d at 1529 (citation omitted). Johnson argues that "[w]hen a factual attack on subject matter jurisdiction implicates an element of the cause of action, the proper course of action is to find that jurisdiction exists and deal with the objection as a direct attack on the "merits of a plaintiff's case." Johnson's Br. at 16-17 (citation omitted). But the issue here is not what the "elements" or "facts" may establish, but what the "elements" or "facts" relate to, *i.e.* what cause of action has been brought and alleged by the plaintiff. Johnson brought her cause of action in two counts, both under 42 U.S.C. § 1981.

Johnson's arguments are not only without merit but ask this Court to ignore the actual counts in her complaint, as well as her references to 42 U.S.C. § 1981 and the Federal Tort Claims Act, *see* Doc. 24, and instead do the work for her and conclude she somehow meant to bring her complaint under Title VII and only Title VII. *See Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 461 (1975) ("[T]he remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent."). Requiring the district court to guess Johnson's cause of action, however, is not its role, nor is it the role of the district court to construe her counseled complaint to put forth claims not artfully pleaded. *See Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013) ("Plaintiffs are the masters of their claims."); *see, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Johnson's counseled complaint is brought under two counts, both clearly labeled as 42 U.S.C. § 1981.

The district court next properly held it did not have subject matter jurisdiction over Johnson's causes of action under 42 U.S.C. § 1981. There is no waiver of sovereign immunity within § 1981 for Johnson's asserted causes of action. The United States is immune from being sued unless it consents to suit by statute. *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). As the district court properly stated, "[b]ecause sovereign immunity is jurisdictional, the terms of the United States' consent to be sued in any court set the parameters of that court's jurisdiction to entertain the suit." Doc. 31 at 5 (citing *Meyer*, 510 U.S. at 475).

This Court has held that the United States has not waived sovereign immunity for claims brought under § 1981. *See United States v. Timmons*, 672 F.3d 1373, 1380 (11th Cir. 1982). As a result, "a plaintiff cannot maintain a § 1981 claim against a federal defendant acting under color of federal law," included in an employment discrimination case. *Lee v. Hughes*, 145 F.3d 1272, 1277 & n.5 (11th Cir. 1998); *see also Osahar v. Postmaster Gen. of United States Postal Serv.*, 263 Fed. App'x 753, 763 (11th Cir. 2008) (same) (citing *Lee*, 145 F.3d at 1277 & n.5). Johnson does argue to the contrary in her brief.

As the district court properly held, "[b]ecause Johnson states § 1981 claims against a federal defendant for actions taken under color of federal law – and she

asserts no other claims – the court must dismiss her complaint."  Doc. 31 at 5 (citing *Osahar*, 263 Fed. App'x at 763 (citing *Lee*, 145 F.3d at 1277 & n.5)).  And, because, when a court lacks jurisdiction, "'the only function remaining to the court is that of announcing the fact and dismissing the cause,'" *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)), the district court properly dismissed Johnson's claims without considering any of her other arguments.

## CONCLUSION

The judgment below should be affirmed.

Respectfully submitted,

Prim F. Escalona
*United States Attorney*

<u>/s/</u> Elizabeth A. Holt
Elizabeth A. Holt
*Assistant United States Attorney*

11

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitations set forth in Fed. R. App. P. 32(a)(7)(B)(i). The brief contains 2,336 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). The brief was prepared in WordPerfect 14-point Times New Roman type.

_/s/ Elizabeth A. Holt_
Elizabeth A. Holt
_Assistant United States Attorney_

12

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of September, 2023, the foregoing

brief  was filed electronically using the Court's CM/ECF system, which will provide

notice of the filing to all counsel of record.  In addition, on the same date, the original

and additional copies of the Brief of Appellee were filed by Federal Express

overnight delivery, addressed as follows:

>Clerk's Office - Appeal No. 23-10454-GG
>U.S. Court of Appeals - Eleventh Circuit
>56 Forsyth Street NW
>Atlanta, GA 30303


>*/s/* Elizabeth A. Holt
>Elizabeth A. Holt
>*Assistant United States Attorney*